IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KENNETH FLYNT**                                                                                    **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO.** 2:20-cv-180-KS-MTP

**JASPER COUNTY, MISSISSIPPI,**
**JASPER COUNTY SHERIFF'S DEPARTMENT,**
**SHERIFF RANDY JOHNSON, DEPUTY R.H. STOCKMAN**
**and JOHN DOES 1&2**                                                                      **DEFENDANTS**

## COMPLAINT
## THE PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, Kenneth Flynt (hereinafter "Plaintiff"), brings this suit against the Defendants; Jasper County, Mississippi, Jasper County Sheriff's Department, Sheriff Randy Johnson, and Deputy R. H. Stockman and in support thereof states as follows:

### PARTIES

1. Plaintiff KENNETH FLYNT is an adult resident of the United States of America and the State of Mississippi wherein at all times material to this Complaint he resided in Meridian, Mississippi. The infliction of the named actions on Kenneth Flynt (hereinafter Flynt) were performed in Jasper County, Mississippi.

2. The Defendant, JASPER COUNTY, MISSISSIPPI, who may be served with process upon the Chancery Clerk.

1

3. The Defendant, JASPER COUNTY SHERIFF'S DEPARTMENT, who may be served with process upon the Sheriff Randy Johnson, Circuit Clerk or Chancery Clerk.

4. The Defendant, SHERIFF RANDY JOHNSON, (hereinafter Sheriff Johnson) is believed to be an adult resident of Jasper County, Mississippi. At all times material hereto this Defendant, he was the Sheriff of Jasper County, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Jasper County, Mississippi including Mr. Flynt while within the county. This Defendant is sued in his official and individual capacity. He may be served with lawful process at the Jasper County Sheriff's Department, 29 8th Avenue East, Bay Springs, Mississippi 39422.

5. The Defendant DEPUTY R. H. STOCKMAN (hereinafter Deputy Stockman) is believed to be an adult resident citizen of Mississippi. He is sued in his official and individual capacity. At all times material hereto, he was employed by the Jasper County Sheriff's Department and supervised by Sheriff Johnson. He may be served with lawful process at the Jasper County Sheriff's Department, 29 8th Avenue East, Bay Springs, Mississippi 39422.

6. John Does 1-2 who responded to the scene, one of whom transported Mr. Flynt, whose identities are currently unknown but will be discovered during the discovery process.

7. When the word "Defendants" is used herein, it is meant to refer to all real and fictitious Defendants mentioned in the style of this Complaint.

## VENUE AND JURISDICTION

8. Venue and jurisdiction is proper in this Court as all acts and/or omissions complained of in this Complaint arose and occurred in Jasper County, Mississippi and this Court has original jurisdiction over the subject matter of this action and the amount in controversy exceeds its jurisdictional minimum

threshold. All applicable provisions of the Mississippi Tort Claims Act have been complied with. (Copy of Mississippi Tort Claims Act Notice Letter attached hereto are Exhibit "A" and incorporated herein for all purposes as if copied in full in words and figures.) This cause of action is brought pursuant to 42 U.S.C. § 1983 and the State claims are pendant to the Federal claim.

## FACTS

9. On or about July 8, 2019, Mr. Flynt was leaving the funeral of retired Deputy Jimmy Dale Reynolds, en route to the Jasper County Courthouse in Paulding to obtain absentee voting forms for his elderly mother, when he was stopped by Deputy R. H. Stockman for Careless Driving and Defaced Tag.

9. Deputy Stockman asked Mr. Flynt if he was traveling with any large sums of money. Mr. Flynt stated that if he had reason to stop him, write him a ticket but that he wasn't answering questions or consenting to any search.

10. Deputy Stockman ordered Mr. Flynt out of his car. By that time, two other deputies had arrived at the scene. Deputy Stockman began to pressure Mr. Flynt for consent to search his vehicle, which Mr. Flynt denied and invoked his constitutional right to an attorney.

11. At that point, Deputy Stockman advised Mr. Flynt he was under arrest. (All of this should be recorded on Deputy Stockman's body cam as well as body cams of the other two deputies.)

12. Deputy Stockman then placed Mr. Flynt in another deputy's patrol car, retrieved Mr. Flynt's keys from his vehicle and searched the trunk of his car without consent, finding no contraband. However, several lawfully possessed firearms were seized. (Mr. Flynt is duly authorized by the State of Mississippi to carry concealed weapons.)

13. Mr. Flynt advised Deputy Stockman that the cuffs were too tight and requested that they be lightened. Deputy Stockman responded, "They ain't made for comfort." Mr. Flynt was transported by

another Deputy Sheriff to the jail as the initial officer was a K-9 officer. Mr. Flynt again requested for the handcuffs to be lightened and was refused.

14. Once at the jail Mr. Flynt was processed and issued two (2) tickets, one for Careless Driving and one for Defaced Tag. (Copy attached hereto as Exhibit "B"). Neither offense being an arrestable offense as they are punishable only by a fine. He was then charged Twenty-five Dollars ($25.00) to bond out and transported back to his vehicle which had been towed. He was required to pay Two-Hundred Dollars ($200.00) towing fee to retrieve his vehicle.

## MISSISSIPPI TORT CLAIMS ACT

13. On or about June 12, 2020, a written NOTICE OF CLAIM pursuant to Miss. Code Ann. § 11-46-3 et. seq. was served on Jasper County, Mississippi through the Chancery Clerk, Sharon King, (Please see Exhibit "C") within the required one-year statute and thereafter complied with in order to preserve all state claims that apply within the meaning of the act whether in individual or official capacities. Therefore, the Mississippi Tort Claims Act should additionally be applied to each and every Count as listed hereafter.

## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

14. The Plaintiff reincorporates all of the above paragraphs by reference and re-alleges the information set forth in said paragraphs. The Plaintiff makes the following allegations in Count I with respect to all Defendants.

15. At all times material hereto, these Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

16. Defendant's violated Plaintiff's 2nd, 4th, 5th, 8th, 13th, and 14th Amendment Rights under color of law and by the misuse of the power entrusted to them as law officers. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants deprived Mr. Flynt of the aforementioned rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Mr. Flynt has suffered humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Mr. Flynt's constitutional rights as outlined herein.

## COUNTS I, II, and III – NEGLIGENCE /MALICE/CONSPIRACY, EXTORTION

17. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

18. The Defendant's, acting individually and in concert did conspire together to deprive Mr. Flynt of his aforementioned Constitutional Rights by advocating and implementing a custom and procedure of pretextual traffic stops in a fishing expedition for general criminal activity without probable cause. All of these acts were done with malice aforethought, and allowed by the negligent supervision of Jasper County and Sheriff Randy Johnson. Further, these acts were conducted to extort personal property, such as currency, firearms, and vehicles, from law abiding citizens by threat of arrest and criminal prosecution, without probable cause, while those citizens, specifically, Mr. Flynt, were not engaged in any criminal activity, in violation of the aforementioned Constitutional Rights guaranteed by the United States and Mississippi Constitutions.

## COUNT IV – FAILURE TO ADEQUATELY TRAIN & SUPERVISE POLICE OFFICERS

19. Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

## COUNT V - NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

20. Jasper County, Jasper County Sheriff's Office and Sheriff Randy Johnson were and are negligent in the hiring, training and supervision of Defendant Stockman and John Does 1 & 2. These officers clearly acted outside of the bounds of established legal precedent and police procedure. Their mental states should have provided adequate notice to any hiring authority that they were unfit to be law enforcement professionals. Further, after the negligent hiring, they were inadequately trained to meet the minimum standards required to be effective, professional law enforcement officers. Despite this obvious and overt lack of qualifications, the individual officers were retained and improperly supervised resulting in an obvious hazard to the public at large, including, specifically, Mr. Flynt.

21. The County and Sheriff Johnson were vested with the authority to hire, fire, transfer and discipline employees of the Jasper County Sheriff's Department.

22. On information and belief after the July 8, 2019, event of which Flynt complains, the County and Sheriff Johnson did retain and did not discipline the other Defendants for their actions which created an edict, act or hostile environment that now allows all named Defendants to take the law into their own hands and leaves excessive opportunity for the abuse of their power over the citizens of Jasper County, Mississippi.

## CIVIL CONSPIRACY

23. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

24. As a direct and proximate consequence of the conduct of the aforementioned Defendants,

both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably knew should have known was against the law and public policy of this State when the same manifested itself against the interests of Flynt.

## THE COMMON LAW TORT OF OUTRAGE

25. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

26. The Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscious of the community.

## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTION DISTRESS

27. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

28. The manner, method and design of the Defendants' conduct caused Flynt to endure emotional and mental distress and anguish to this present day and in his future.

29. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the negligent and intentional infliction of emotional distress and mental anguish inflicted on Flynt and with which he is still living. At all times material to this Complaint, the Defendants acted with wanton and willful reckless disregard for the safety and wellbeing of Flynt. Mr. Flynt, is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated on Mr. Flynt. Mr. Flynt was charged Twenty-five dollars ($25.00) to "bond" out of jail for two (2) non arrestable offenses. This fee is commonly referred to as a "turn key fee". This fee is not authorized by any State or Federal statute. Therefore, this is an excessive fine or penalty in violation of the 8th Amendment to the United States

Constitution (especially in light of the fact that the charges were ultimately dismissed. See, copy of Abstract attached hereto as Exhibit "D" and incorporated herein as if copied in full in words and figures.)

## PLAINTIFF'S REQUEST FOR JURY TRIAL

Plaintiff prays a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

a. Permanent emotional injury;

b. Pain and suffering;

c. Bodily injury including permanent future impairment;

d. Medical bills;

e. Economic damages;

f. Out of pocket expenses;

g. Loss of enjoyment of life;

h. Past, present and future emotional distress and mental anguish;

i. Court costs;

j. Pre and post judgment Interest;

k. Attorney's Fees;

l. All other damages of every kind to the Plaintiff to which he is entitled by law; and

m. All damages shown by the evidence introduced in this case, including compensatory damages and punitive damages to deter the Jasper County, Mississippi and its officials from exhibiting, conducting and continuing to use such actions as described herein upon persons within the city limits of said municipality.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that at the end of the appropriate legal time, that the following should occur:

I. The Defendants be served with a copy of this Complaint;

II. The Defendants be required to file a written answer as called for by the Rules of Civil Procedure;

III. The Plaintiff be awarded, after a trial by jury, a judgment for actual damages, compensatory and punitive against the Defendants in the amount that the evidence would show and a jury will determine; and

IV. Any and all other legal and/or equitable relief the evidence would show and a jury will allow.

THIS the 23rd day of September, 2020.

By: KENNETH FLYNT
_____

Counsel for the Plaintiff:

J. Stewart Parrish, MSB #10833
Law Office of J. Stewart Parrish, P.A.
P.O. Box 823
Meridian, MS 39302
601-696-4400
601-696-4455(fascimile)

Mr. Bobby Moak, MSB #9915
Law Offices of Bobby Moak, P.C.
P.O. Box 2422
402 Monticello Street
601-734-2566