IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KENNETH FLYNT**        **PLAINTIFF**

**v.**       **CIVIL ACTION NO. 2:20-cv-180-TBM-MTP**

**JASPER COUNTY, MISSISSIPPI,
JASPER COUNTY SHERIFF'S
DEPARTMENT, SHERIFF RANDY
JOHNSON,** *and* **DEPUTY R.H. STOCKMAN**       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The Plaintiff, Kenneth Flynt, filed suit in this Court on September 24, 2020 alleging claims under 42 U.S.C. § 1983. Before the Court is Sheriff Randy Johnson and Deputy R.H. Stockman's Motion for Judgment on the Pleadings [11] based on qualified immunity. The Defendants argue that the Plaintiff has failed to plead his claims under Section 1983 with sufficient particularity to overcome the Defendants' qualified immunity. The Defendants interchangeably request dismissal of the Section 1983 claims, a Court-ordered *Shultea* reply,[1] or limited immunity-related discovery. The Plaintiff has not responded to the Defendants' Motion, and the Court finds that a *Shultea* reply is required for the reasons set forth below.

### I. BACKGROUND

This matter arises out of a July 8, 2019 traffic stop in Jasper County, Mississippi. According to the Complaint, the Plaintiff was stopped by Deputy Stockman for "careless driving" and "defaced tag." After pulling him over, Deputy Stockman ordered the Plaintiff out of his vehicle. Deputy Stockman requested permission to search the vehicle, which the Plaintiff denied.

---

[1] *See Shultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

Deputy Stockman subsequently advised the Plaintiff that he was under arrest and placed the Plaintiff in a patrol car. The Plaintiff's vehicle was searched, and Deputy Stockman seized two allegedly lawfully possessed firearms. No contraband was found. The Plaintiff advised Deputy Stockman that the handcuffs were too tight multiple times, to which Deputy Stockman allegedly responded, "[t]hey ain't made for comfort."

The Plaintiff was allegedly transported to jail and was processed. He was issued two tickets — one for "careless driving" and one for "defaced tag." The Plaintiff asserts that neither is an arrestable offense, as they are punishable by fine only. After paying twenty-five dollars to bond out, the Plaintiff was required to pay two-hundred dollars to retrieve his vehicle, which had been towed.

The Plaintiff asserts claims arising under 42 U.S.C. § 1983 for alleged violations of his Second, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. The Plaintiff also alleges a host of other state law claims. But only the federal claims are presently at issue because they provide this Court jurisdiction under 28 U.S.C. § 1331 and are the target of the Defendants' qualified immunity defense.

In addition to arguing that the Plaintiff failed to plead his claims with sufficient particularity, the Defendants assert that the Plaintiff has not pled facts that show he suffered a constitutional violation at their hands, nor that their actions were objectively unreasonable under clearly established law.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(c) motion, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018). But "the complaint must allege more than labels and conclusions." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "[A] formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc.*, 587 F.3d at 318. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III. DISCUSSION AND ANALYSIS

The individual Defendants claim that they are entitled to qualified immunity on all claims against them. "The question of qualified immunity must be addressed as a threshold issue because this issue determines a defendant's immunity from suit, that is, his or her ability to avoid a trial altogether, rather than merely his or her immunity from damages." *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994). Courts use a two-prong analysis to determine whether a defendant is entitled to qualified immunity. The Court must decide, in the light most favorable to the Plaintiff, (1) whether he has alleged a violation of a constitutional right and (2) whether the right was clearly

established. *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

Notably, a plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not particularly within the knowledge of the defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (en banc) (citing *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991)). The Plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The Fifth Circuit instructs trial courts of an alternative to outright dismissal of claims that lack sufficient particularity to overcome a qualified immunity defense:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

*Schultea*, 47 F.3d at 1433. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1434.

Here, the Plaintiff has not responded to the Defendants' Motion and the Court finds that the Plaintiff should be afforded the opportunity to plead the alleged constitutional violations with more particularity. In his Complaint, the Plaintiff merely asserts that the Defendants "violated Plaintiff's 2nd, 4th, 5th, 8th, 13th, and 14th Amendment Rights under color of law and by the misuse of power entrusted to them as law officers." [1], pg. 5. Accordingly, the Court finds that a *Schultea*

reply is merited as to the Plaintiff's Second, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment claims.

In his *Schultea* reply, the Plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes*, 168 F.3d at 161. The reply must be tailored to the defense of qualified immunity, and the Plaintiff must support his claims "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of the defendant's conduct at the time of the alleged acts." *Id.*; *see also Schultea*, 47 F.3d at 1430-32. The reply should provide specific facts about the constitutional rights allegedly violated and the conduct of each individual Defendant to support each cause of action asserted against him. The Plaintiff must not plead factual allegations collectively against the Defendants, unless warranted by the facts. The Plaintiff must also provide details as to his own actions during the traffic stop at issue to allow the Court to determine whether the Defendants' conduct was objectively unreasonable.

For example, the Plaintiff must set forth particular facts as to how Deputy Stockman violated his Second Amendment right. Upon examination of his Complaint, the Plaintiff alleges that Deputy Stockman seized two of Plaintiff's allegedly lawfully possessed firearms. The Plaintiff has not expanded upon such allegations, and the Court needs more to determine whether the Plaintiff has alleged a clearly established constitutional violation against Deputy Stockman. If this claim is asserted against both Deputy Stockman and Sheriff Johnson, then the Plaintiff must plead specific facts demonstrating how Sheriff Johnson violated the Plaintiff's Second Amendment right.

Similarly, the Plaintiff must set forth specific facts demonstrating how each individual Defendant violated his Fourth Amendment right to be free from unlawful searches, seizures, and

the use of excessive force. While the Plaintiff does set forth a set of facts, he does not indicate how the facts alleged against Deputy Stockman amount to a constitutional violation, and he alleges no facts showing that Sheriff Johnson was involved in any search, seizure, or use of force. In his reply, the Plaintiff must provide the facts surrounding each Defendants' involvement and the basis for his assertions.

As for the Plaintiff's Fifth Amendment claim, the Court notes that the Fifth Amendment "applies only to violations of constitutional rights by the United States or a federal actor." *Hill v. Walker*, 718 Fed. Appx. 243, 247 (5th Cir. 2018) (citing *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)). The Plaintiff's Section 1983 claims are only against state actors, so in his reply the Plaintiff must explain how his due process claims can proceed.

In his reply, the Plaintiff must also provide facts to support a claim that the Defendants violated his Eighth Amendment right to be free from excessive bail, fines, and cruel and unusual punishment. Upon review of his Complaint, the Plaintiff asserts that he was processed in prison, charged twenty-five dollars to bond out, and charged a two-hundred-dollar towing fee to retrieve his vehicle. Without more, such allegations may be insufficient to show that the Defendants violated a clearly established constitutional right.

The Plaintiff's Complaint also fails to set forth any facts to support a Thirteenth Amendment violation. In his reply, the Plaintiff must allege specific facts showing how each individual Defendant violated his Thirteenth Amendment right to be free from slavery and involuntary servitude.

Finally, the Plaintiff's Fourteenth Amendment claim appears to rest on allegations related to the failure to train and supervise police officers. In his reply, the Plaintiff must provide more

than mere conclusory allegations that the Defendants violated the Plaintiff's right to due process. The Plaintiff must allege particular facts surrounding each Defendants' involvement and the basis for his assertions.

### IV. CONCLUSION

The Court has determined that the Plaintiff's allegations as plead in his Complaint may be insufficient to overcome the individual Defendants' cloak of qualified immunity. Under the circumstances, the Court finds that a *Schultea* reply addressing the Court's concerns outlined above is appropriate.

IT IS THEREFORE ORDERED AND ADJUDGED that Sheriff Randy Johnson and Deputy R.H. Stockman's Motion for Judgment on the Pleadings [11] is GRANTED insofar as it seeks to compel the Plaintiff to respond to the Defendants' qualified immunity defense, but is otherwise DENIED at this time.

IT IS FURTHER ORDERED that the Plaintiff is directed to file a *Schultea* reply consistent with this Opinion on or before June 25, 2021.

This, the 7th day of June, 2021.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE